UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § § | |
| Plaintiff, | § § | |
| v. | § § | CAUSE NO.: SA-14-CR-00247 RCL |
| **AGUSTIN SERGIO DELEON GARZA** | § § § | |
| Defendant. | § § § | |

## SENTENCING MEMORANDUM

Comes now the United States of America, by and through its United States Attorney for the Western District of Texas, and Erica Benites Giese, Assistant United States Attorney, and files this Sentencing Memorandum.

This Sentencing Memorandum is intended to be a summary of the government's allocution at the sentencing hearing. Although defendant and his counsel filed no objections to the Presentence Report issued in this case, defendant filed a letter with the court dated March 1, 2015, alleging he was unjustly convicted and is a victim of political corruption in Mexico. (Document 70). The letter is attached hereto as Government's Sentencing Exhibit Number 1.

I.   Guideline Calculations

The PSR correctly concludes that the facts presented at trial as well as the facts and evidence contained in the file justify the imposition of the enhancements under the guidelines.

*United States v. Agustin Sergio DeLeon Garza*
**Sentencing Memorandum**
**Page 1**

The testimony and evidence at trial support the imposition of a six-level enhancement for having made a ransom demand (USSG §2A4.1(b)(1)), a two-level enhancement for having used a dangerous weapon during the commission of the offense (USSG §2A4.1(b)(3)), a two-level enhancement for holding the kidnapped victim for over thirty days (USSG §2A4.1(b)(4)(A)), and a four-level adjustment for the defendant's role as an organizer or leader of the criminal activity and for the extensive role he played in the activity (USSG §3B1.1(a)).  The recorded calls presented during trial as well as the evidence seized at the defendant's own home in the United States demonstrate that DeLeon Garza did himself as well as instructed others to make a ransom demand in exchange for the release of the victim held in Mexico.  The recorded calls as well as several witnesses supported the fact that a firearm was used at the time the victim was kidnapped and during the time the victim was held at the various stash houses in Mexico.  There is no question that the victim was kidnapped on December 27, 2013, and released on January 29, 2014, a period of thirty-four days.  Finally, the recorded calls demonstrate that DeLeon Garza held significant decision-making authority over the conspirators located in Mexico.  The recorded calls, both the recordings obtained from the victim's family in Mexico as well as the recordings maintained by Spoofcard, are precisely consistent with the admitted evidence and sworn testimony of the witnesses.

      The manner in which this case was investigated by federal agencies in the United States as well as the evidence and sworn testimony of the witnesses belies the allegations lodged by the defendant in Exhibit 1.  Much of the evidence admitted at trial was seized at the defendant's own home in the United States.  The Spoofcard calls were all maintained as a result of the defendant's

own doing, and each recorded Spoofcard call was corroborated by those maintained by the victim's family during the ransom negotiations.

Each of the guideline enhancements are proper and consistent with the evidence and witness testimony. Although the Total Offense Level calculation of 43 is consistent with the Guidelines Chapter 5, Part A (comment n.2), the defendant's true Offense Level is at a level 46, three levels beyond the life imprisonment range under the guidelines. The offense level calculation does not take into account any additional adjustment for obstruction of justice for having lied to the case agents as well as the probation officer about his finances. For example, the defendant maintains that his monthly expenses include a $900.00 home mortgage, whereas the defendant's own bank records reflect a monthly $3,100 payment to Fountain Homes for the home in which he was residing at the time of his arrest. The defendant maintains that he was employed by his brother prior to the first search warrant at his home, whereas tax returns and surveillance by agents indicate that he was not employed until shortly after the search warrant was executed. Although the government agrees that no additional obstruction adjustment should be given for such false representations, the Court should consider these facts when determining the proper sentence in this case.

## II.     Victim Impact

Although the Court did not hear from the victim in this case, the Court should be aware of the impact the defendant's actions have had on the victim and his family. Jorge Luis Martin Cavazos Cantu chose not to travel to the United States and face the defendant for fear of

retaliation against the victim and the victim's family. Years ago, the victim's family suffered a loss under similar circumstances. The victim's uncle was similarly kidnapped in Mexico, but was killed after the family could not pay the requested ransom to secure his release. The victim and his family feared the consequences his testimony might bring upon them and chose to remain in Mexico during the defendant's trial. The victim suffered significant weight loss over the thirty-four day period and missed several important religious holidays during this period. The victim reported that he did not know whether he would live or die at the hands of his captors, and was physically and mentally exhausted by the ordeal. Similarly, the victim's family was under significant distress because they could not generate enough money to pay the requested ransom. Upon hearing that his son had been kidnapped, the victim's father fell extremely ill and was hospitalized. The victim's father remained in the hospital through his son's captivity. The family believed that the victim would be killed if they did not pay the ransom, and threats of death and serious physical harm to the victim were repeatedly conveyed by the captors to the victim's family. Today, the victim and his family live in fear for their lives and try to live extremely private lives in Mexico. For this reason, the victim chose not to appear at trial or sentencing.

### III. Sentencing Recommendation

Considering the nature and seriousness of the defendant's conduct, the defendant's history and characteristics, and the defendant's role in the offense, the following is recommended:

| Count One | Conspiracy to Kidnap, 18 USC § 1201(a)(1) and (c) | **Life** | $0 Fine | $100 special assessment |
|---|---|---|---|---|
| Count Two | Kidnapping and Aiding and Abetting, 18 USC § 1201(a)(1) and (c), and § 2 | **Life** | $0 Fine | $100 special assessment |
| Count Three | Receipt of Ransom Money and Aiding and Abetting, 18 USC § 1202(a) and § 2 | **10 years** | $0 Fine | $100 special assessment |
| Count Four | Receipt of Ransom Money and Aiding and Abetting, 18 USC §1202(b) and § 2 | **10 years** | $0 Fine | $100 special assessment |
| Count Five | Interstate Communication of Ransom, 18 USC § 875(a) | **20 years** | $0 Fine | $100 special assessment |
| Count Six | Conspiracy to Launder Monetary Instruments, 18 USC § 1956(a)(1), (a)(2) and (b)(1) | **20 years** | $0 Fine | $100 special assessment |
| Count Seven | Money Laundering and Aiding and Abetting, 18 USC § 1956(a)(1), (b)(1) and § 2 | **20 years** | $0 Fine | $100 special assessment |

The sentences outlined above are consistent with the calculated guideline range and the statutory maximum for each count.  These sentences are sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing.  The defendant has not accepted responsibility and continues to see himself as the victim in this case.  There is no reason for the court to give a departure below the calculated guideline range or grant a variance in this case.  Defendant continues to be a danger to the community and the sentences reflect a just punishment as well as a means to protect the public from further harm.

*United States v. Agustin Sergio DeLeon Garza*
**Sentencing Memorandum**
Page 5

## IV. Conclusion

WHEREFORE, PREMISES CONSIDERED, the United States of America prays that the Court adopt the government's sentencing recommendations.

Respectfully submitted,

RICHARD L. DURBIN, JR.
UNITED STATES ATTORNEY

By: _____/s/_____
ERICA BENITES GIESE
Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of August, 2015, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to the following CM/ECF participants:

Arnulfo Ortiz, Attorney for Agustin Sergio DeLeon Garza

/s/     Erica Benites Giese
ERICA BENITES GIESE
Assistant United States Attorney